**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELISBERTO HERNANDEZ DUARTE, | No. 06-71315 |
| Petitioner, | Agency No. A075-732-310 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2009**
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and HART, District Judge.***

In 1999, petitioner Felisberto Hernandez Duarte entered the United States

without inspection.  In 2000, petitioner applied for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously finds this case suitable for decision without
oral argument.  See Fed R. App. P. 34(a)(2).

\*\*\* The Honorable William T. Hart, District Judge for the Northern
District of Illinois, sitting by designation.

removal. In September 2003, petitioner appeared at a removal hearing and admitted he was subject to removal. He stated he instead would apply for cancellation of removal and, alternatively, voluntary departure. In March 2004, he filed his application for cancellation of removal.

In April 2001, petitioner's employer had submitted an application for a labor certification. In July 2001, the California Employment Development Department sent a letter stating the processing of the labor certification application would be delayed due to a large volume of pending cases. On December 27, 2004, petitioner's new employer submitted a new application for labor certification. On January 3, 2005, petitioner moved to continue the hearing on his cancellation application that was set for February 7, 2005. One reason for the continuance was to allow time for the labor certification application. On January 7, 2005, the Immigration Judge ("IJ") denied the motion for a continuance because she would not allow the case to be pending on her calendar for an expected two or more years that would be necessary to process the labor certification and any related adjustment of status. Following the February 2005 hearing, the IJ denied cancellation of removal on the ground that neither of petitioner's two United States citizen children would suffer an exceptional and extremely unusual hardship if they

returned to Mexico with petitioner. *See* 8 U.S.C. § 1229b(b)(1)(D). The Board of Immigration Appeals ("BIA") affirmed without opinion.

Petitioner contends the IJ's determination that he did not satisfy the hardship requirement was a violation of law in that the IJ did not cumulatively consider the factors required by BIA precedent. Further, he contends the denial of a continuance for him to pursue labor certification and an adjustment of status was both an abuse of discretion and a violation of due process. The government contends this court is without jurisdiction to consider the merits of cancellation, specifically whether petitioner satisfied the hardship requirement. The government also contends that denying a continuance was not an abuse of discretion or due process violation.

Since the BIA affirmed the IJ's decision without opinion, the decision of the IJ is reviewed as the final agency decision. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1245 (9th Cir. 2008) (per curiam). Questions as to appellate jurisdiction are reviewed *de novo*. *Id.* at 1245-46. Questions of law are reviewed *de novo*, but "we defer to the BIA's interpretation of immigration laws unless the interpretation is clarly contrary to the plain and sensible meaning of the statute." *Mercado-Zazueta v. Holder*, 580 F.3d 1102, 1104 (9th Cir. 2009) (internal quotation marks omitted). Claims of due process violations are reviewed *de novo*. *Sandoval-Luna*, 526 F.3d

3

at 1246. The IJ's denial of a continuance is reviewed for abuse of discretion. *Id.*; *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

An IJ's discretionary determination that the alien has not satisfied the hardship requirement for cancellation of removal is not reviewable by this court except as to colorable questions of law or constitutional claims. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). This court is presumed to lack jurisdiction to review the IJ's hardship determination unless petitioner meets his burden of raising a colorable question of law. *Id.* It is a question of law whether the IJ failed to apply a controlling standard governing a legal determination. *Id.* at 979. However, arguing that an IJ's hardship determination is factually inconsistent with prior agency hardship determinations "is almost necessarily a subjective question that depends on the identity and the value judgment of the person or entity examining the issue" and therefore "constitutes an attempt to cloak an abuse of discretion argument in the garb of a question of law." *Id.* at 980 (internal quotation marks and brackets omitted).

Petitioner contends the IJ did not follow the law established by the BIA because she failed to consider the cumulative effect of all factors in the aggregate. *See Mendez-Castro*, 552 F.3d at 980 (citing *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (BIA 2002); *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64–65

4

(BIA 2001)).  But the IJ discussed the alleged hardship factors, many in relation to each other, and expressly stated she considered all factors cumulatively.  She also cited *Monreal* and *Recinas*, both relevant authorities.  Thus, no colorable claim of failure to follow the law is raised, *cf. Mendez-Castro*, 552 F.3d at 980, and the hardship claim will be dismissed for want of jurisdiction.

This court has jurisdiction to review the denial of a continuance for abuse of discretion, as well as for any due process violation.  *Sandoval-Luna*, 526 F.3d at 1246.  Whether there was an abuse of discretion is to be decided on a case-by-case basis according to the particular facts and circumstances of the case.  *Ahmed*, 569 F.3d at 1012.  Factors to consider in making the determination include:  "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted."  *Id.*  Recently, in *Ahmed*, we held there was an abuse of discretion in denying a continuance while an appeal of a denial of an I-140 visa petition was pending.  *Id.* at 1012–14.

Here, the IJ likewise abused her discretion in denying a continuance.  As in *Ahmed*, the denial of a continuance precluded petitioner's ability to submit evidence of "vital importance."  *Id.* at 1012–13.  Although the IJ noted there was

5

no guarantee that petitioner would receive labor certification and, in turn, an adjustment of status, this fact was not dispositive in *Ahmed*. *See id.* at 1013 ("[T]here is no guarantee that Ahmed would have been successful in his appeal [but] the outcome of the appeal was undeniably "important," and this weighs in favor of granting the continuance . . . ."). As to the reasonableness of petitioner's conduct, we note with some concern that, unlike in *Ahmed*, petitioner "applied for labor certification only after removal proceedings were initiated against [him] . . . ." *Id.* However, because petitioner's former employer filed for labor certification nearly two and a half years before the removal hearing was held, it does not appear the labor certification application was filed "in an attempt to delay the [removal] proceedings." *Id.* Instead, that application could not be timely processed by the state agency. As we held in *Ahmed*, petitioner cannot be faulted for delays caused by administrative agencies. *Id.* at 1013. Thus, although petitioner was not as diligent as the petitioner in *Ahmed*, petitioner's conduct was not unreasonable.

Significantly, other factors favored a continuance in this case. As in *Ahmed*, the government did not object to a continuance.

> Nor does the record reflect any specific inconvenience to the administrative court, aside from the IJ's announcement that

6

she was not keeping this on [her] calendar . . . pending [petitioner's labor certification application].

> We have repeatedly warned that *a myopic insistence upon expeditiousness will not justify the denial of a meritorious request for delay*, especially where the delay impairs the petitioner's statutory rights. An immigrant's right to have his or her case heard should not be sacrificed because of the immigration judge's heavy caseload.

*Id.* at 1013–14 (citations and internal quotation marks omitted; emphasis added). Although she noted a general legislative concern that immigration cases be resolved expeditiously, the IJ did not cite to any particular inconvenience to the court. Instead, she pointed only to the possibility of the case remaining on her calendar for an extended period. Thus, there is nothing to suggest that granting the continuance would have resulted in a significant inconvenience.

Moreover, this was petitioner's first request for a continuance. *Cf. Ahmed*, 569 F.3d at 1014 ("According to the estimate provided by the U.S. Citizenship and Immigration Service, the processing time for an I-140 appeal may be anywhere from nine to twenty-two months. . . . While an IJ cannot be expected to continue a case indefinitely pending appeal, a second continuance would not have been unreasonable in light of this estimate.").

In light of these factors, it was an abuse of discretion[1] to deny, solely based on the case pending on the IJ's calendar, petitioner's first request for a continuance to allow time for the processing of his pending labor certification application, the processing of which had been delayed by the pertinent administrative agencies. *See Ahmed*, 569 F.3d at 1012–14. On remand, the IJ shall consider the present circumstances of petitioner.[2]

DISMISSED in part, GRANTED in part, and REMANDED.

---

[1] Since it is held that there was an abuse of discretion, it is unnecessary to consider whether there was a violation of due process.

[2] While this case was pending on appeal, it appears petitioner's labor certification application and I-140 visa application were approved. *See* May 20, 2009 Order.

8